IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID JOHN DAVIS,

  **Plaintiff,**

   **v.**         **CASE NO.  22-3153-SAC**

DAN SCHNURR, et al.,

  **Defendants.**

**MEMORANDUM AND ORDER**
**TO SHOW CAUSE**

  The Court finds that this matter is subject to dismissal for the reasons explained below.

**I.  Nature of the Matter before the Court**

  Plaintiff is a state prisoner confined at the Hutchinson Correctional Facility ("HCF") in Hutchinson, Kansas.  The plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*.

  Plaintiff's Complaint (Doc. 1) alleges that he has been mistreated by HCF staff and other prisoners as a result of his status as a sex offender.  The Complaint is confusing, but it seems to be based on two incidents.  Plaintiff claims that on April 5, 2022, Inmate Collins "caused him problems" and "conducted violence to him."  This may have happened in the showers.  Collins falsely told a corrections officer that Plaintiff had said he was going to rape the officer's daughter.  Plaintiff asserts Collins was trying to get Plaintiff in trouble and keep him in prison longer.

  It appears that the second incident also occurred on April 5, 2022.  Plaintiff states that CO Beardsley cuffed and searched him prior to escorting him to a different cell.  CO Hoffman was on his right, CO Strange behind him, and CO Michaels was walking behind CO Strange.  OIC R. Smith and CO Michelson were also walking behind.  Someone apparently said Plaintiff was going

to hurt himself, so they asked for cutters to remove Plaintiff's clothing.  There were five (5) officers present at this time.  Then Beardsley hit Plaintiff in the face two times with his carbon fiber gloves and knocked him out.  When he woke up, three (3) of the officers were violently sexually assaulting Plaintiff.

Plaintiff claims that there were cameras that should confirm his allegations.

Plaintiff names the following defendants:  Dan Schnurr, Warden of HCF; Robert Vieyra, Deputy Warden; Inmate Collins; CO Hoffman; CO Strange; and CO Beardsley.  Plaintiff seeks to have Collins, Hoffman, Strange, and Beardsley charged with hate crimes.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise

a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### A.  Unclear Allegations

The Court has tried to figure out exactly what Plaintiff is alleging.  However, there are areas that remain unclear and confusing.  Plaintiff will be given an opportunity to file an amended complaint that clearly states what happened, when it happened, and who was involved.  Plaintiff should provide description beyond general statements, such as Collins "caused him problems."

### B.  Failure to Allege a Constitutional Violation

In a § 1983 action, the Complaint must specify "the violation of a right secured by the Constitutional and laws of the United States, and . . . that the deprivation was committed by a person acting under color or state law." *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007). This action is subject to dismissal because Plaintiff has not adequately alleged a federal constitutional violation.  Plaintiff makes no reference to any federal constitutional provision or federal law in his Complaint.  He may believe that the U.S. Constitution was violated but simply failed to specify the constitutional provision.  However, the Court is not free to "construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173-74.

Plaintiff mentions on page 1 of Doc. 1-1 that he feels like he is not being protected from the other inmates.  This would generally be a failure to protect claim under the Eighth Amendment.

He also describes an incident where officers used force against him and abused him.  This would also generally fall under the Eighth Amendment.

If Plaintiff chooses to file an amended complaint, the Complaint should state what constitutional provision he believes the defendants violated.

### C.  Defendant Collins

To state a claim under § 1983, a plaintiff "must show that the alleged (constitutional) deprivation was committed by a person acting under color of state law."  *West*, 487 U.S. at 48–49 (1988); *Daniels v. Williams*, 474 U.S. 327, 330–331 (1986); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  The "under color of state law" requirement is a "jurisdictional requisite for a § 1983 action."  *West*, 487 U.S. at 42; *Polk County v. Dodson*, 454 U.S. 312 (1981).  Thus, it is of no consequence how discriminatory or wrongful the actions a plaintiff may describe; merely private conduct does not satisfy the "under color of" element and therefore no § 1983 liability exists.  See *Brentwood Academy v. Tennessee Secondary Athletic Ass'n*, 531 U.S. 288, 294–96 (2001); *American Manufs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).  A defendant acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *West*, 487 U.S. at 49; *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1208 (10th Cir. 2005), *cert. denied*, 547 U.S. 1111 (2006).

Defendant Collins is a fellow inmate at HCF.  He does not have any authority provided by state law.  Plaintiff fails to state a cause of action under § 1983 against Defendant Collins because Collins is not shown to have been a state actor.  Collins is subject to dismissal from this action.

### D. Defendants Schnurr and Vieyra

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Plaintiff alleges that Defendants Schnurr and Vieyra have not fixed his problem with being abused and do not care what other inmates do to a sex offender. He does not allege that they personally participated in the violation. These defendants are sued based only upon their supervisory capacity. As a result, Schnurr and Vieyra are subject to dismissal.

### E.  Requested Relief

Plaintiff asks that some of the defendants be charged with a hate crime.  This Court has no authority to initiate federal criminal charges against defendants. That authority belongs to federal prosecutors. Nor does this Court have any authority to initial state or local charges. Accordingly, this request for relief is denied.

## V.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1]  Plaintiff is given time to file a complete and proper amended complaint in which he concisely (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (22-3153-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **September 2, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **September 2, 2022,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated August 3, 2022, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**