IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID JOHN DAVIS,**

    **Plaintiff,**

    v.                                   **CASE NO. 22-3153-SAC**

**DAN SCHNURR, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. By order dated August 3, 2022 (Doc. 5; "MOSC"), the Court directed Plaintiff to show cause why his Complaint should not be dismissed for the reasons explained in the MOSC. Plaintiff filed a response to the MOSC (Doc. 7) and an Amended Complaint (Doc. 6; "AC"). Before the Court for screening is Plaintiff's Amended Complaint (Doc. 20) filed on August 15, 2022.

The AC, along with the response to the MOSC, attempts to address the issues identified in the show cause order. The Court has the same duty to screen the AC as the original complaint. Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's AC alleges that he has been mistreated by Hutchinson Correctional Facility ("HCF") staff as a result of his status as a sex offender. Plaintiff claims that on April 5, 2022, after Inmate Collins caused him problems, Plaintiff complained to his Unit Team. Officers Smith, Beardsley, Hoffman, Strange, and Michels escorted Plaintiff to MRA A1-148. Plaintiff said he was going to hurt himself, so the escorting officers asked for cutters to remove Plaintiff's clothing.

When they arrived at the new cell, Beardsley hit Plaintiff going into the cell. The officers cut Plaintiff's clothes off. In the process, Plaintiff's left hand touched Michels' boot, and Beardsley hit him again. Beardsley was wearing carbon fiber gloves. Before Plaintiff was knocked out, he heard one of the officers say, "You should not rape or touch that girl, you child molester." When he woke up, three (3) of the officers were violently sexually assaulting Plaintiff. Plaintiff asserts violation of this rights under the Eighth Amendment.

Plaintiff claims that there were cameras that should confirm his allegations.

Plaintiff names the following defendants: CO Hoffman; CO Michels, CO Strange; and CO Beardsley. Plaintiff states he has been suffering nightmares as a result of the attack and is in fear for his life.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of HCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED** that**:**

(1) The Court will enter a separate e-service order directing the Clerk of Court to serve the remaining Defendants (Hoffman, Strange, Beardsley, and Michels).

(2) The Kansas Department of Corrections ("KDOC") shall submit the *Martinez* Report within **sixty (60) days** following the electronic filing of the Waiver of Service Executed. Upon the filing of that Report, the Court will screen Plaintiff's Complaint. If the Complaint survives screening, the Court will enter a separate order setting an answer deadline. Therefore, any answer deadline provided in the waiver of service is not controlling.

(3)     Officials responsible for the operation of HCF are directed to undertake a review of the subject matter of the Complaint:

   a.   To ascertain the facts and circumstances;

   b.   To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

   c.   To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4)     Upon completion of the review, a written report shall be compiled and served on Plaintiff.  The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

(5)     Authorization is granted to the officials of HCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6)     No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report ordered herein.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.  Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

**Dated September 21, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**