IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID JOHN DAVIS,

    **Plaintiff,**

    v.                                    CASE NO. 22-3153-SAC

DAN SCHNURR, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. On August 3, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC or to file an amended complaint to cure the deficiencies. On August 15, 2022, Plaintiff filed a Response (Doc. 7) and an Amended Complaint (Doc. 6). The Court then ordered the service of Defendants (Doc. 10) and ordered the KDOC to file a *Martinez* Report (Doc. 9). After reviewing the *Martinez* Report, the Court entered a second Memorandum and Order to Show Cause (Doc. 26) ("MOSC2") giving Plaintiff an opportunity to respond to the Report and show good cause why his Amended Complaint should not be dismissed for failure to state a claim and for failure to exhaust. The deadline for Plaintiff to respond was March 24, 2023. This matter is before the Court on Plaintiff's Motion for Extension of Time to File Response (Doc. 28), Motion to Appoint Counsel (Doc. 29), Motion for Appointment of Psychiatrist (Doc. 30), and Motion for Temporary Restraining Order (Doc. 31).

First, Plaintiff seeks additional time to respond to the MOSC2. He explains that he was recently moved and has limited access to a law library. For good cause shown, the motion (Doc. 28) is granted. The new deadline for Plaintiff to file his response is April 24, 2023.

Plaintiff's Motion to Appoint Counsel (Doc. 29) is denied. There is no constitutional right to the appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering these factors, the Court concludes that it is not clear at this point that Plaintiff has asserted a colorable claim. The Court has ordered Plaintiff to show cause why his Amended Complaint should not be dismissed. In addition, the issues are not overly complex, and Plaintiff appears capable of presenting his claims. Therefore, the Court denies Plaintiff's motion for appointment of counsel at this time. However, this denial is made without prejudice. If it becomes apparent that appointed counsel is necessary if this case further progresses, Plaintiff may renew his motion.

Plaintiff's Motion for Appointment of Psychiatrist (Doc. 30) is also denied. He states that he is giving notice pursuant to K.S.A. 22-3219 of "his intent to rely upon the defense of lack of mental state to support appointment of counsel." Doc. 30, at 1. The statute cited by Plaintiff is a state law that applies in state criminal proceedings. As such, it is not applicable here.

Last, Plaintiff's Motion for Temporary Restraining Order (Doc. 31) asks for the issuance of a preliminary injunction ordering Defendant Schnurr "to provide a[n] appropriate course to fix this illegal environment and circumstances that happened to [Plaintiff]." Doc. 31, at 1.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council,*

*Inc.*, 555 U.S. 7, 22 (2008).  A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation.  18 U.S.C. § 3626(a)(2).  Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above.  *Little*, 607 F.3d at 1251.  Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.  Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time to File Response (Doc. 28) is **granted.**  The deadline for Plaintiff to respond to the MOSC2 (Doc. 26) is extended to **April 24, 2023**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 29) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Psychiatrist (Doc. 30) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. 31) is **denied**.

**IT IS SO ORDERED**.

**Dated March 29, 2023, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
