IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID JOHN DAVIS,**

    **Plaintiff,**

    v.                                          CASE NO. 22-3153-JWL

**DAN SCHNURR, et al.,**

    **Defendants.**

**O R D E R**

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). Plaintiff proceeds in forma pauperis. The Court conducted an initial screening of Plaintiff's Amended Complaint (Doc. 6) and ordered the preparation of a *Martinez* Report. (Doc. 9.) *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). After reviewing the *Martinez* Report, the Court granted Plaintiff an opportunity to respond to the Report and to show cause why this action should not be dismissed for failure to state a claim and for failure to exhaust administrative remedies. (Doc. 26). This matter is before the Court on Plaintiff's Motion for Discovery (Doc. 34) and Motion for Court Investigator (Doc. 36), as well as Defendants' Response in Opposition (Doc. 37) to the motions.

In his Motion for Discovery (Doc. 34), Plaintiff seeks video recordings of the forced cell move on April 5, 2022, from four cameras: North 100 going downstairs from officers' station to the rotunda; Rotunda camera from A3 to A1 camera; A1 cellhouse camera in and around officers' station; and A1 cellhouse MRA camera (video and audio recordings).

This Court's September 21, 2022 Memorandum and Order provides that "[d]iscovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answer or

response to the Complaint and the report ordered herein." (Doc. 9, at 3). Therefore, the Court finds that discovery is premature at this time. The Court denies the motion without prejudice to Plaintiff refiling the motion if his Amended Complaint survives screening. Plaintiff should raise his questions and arguments about the evidence in his response to the *Martinez* Report.

Moreover, Defendants state that Plaintiff has viewed the surveillance video filed with the *Martinez* Report and may do so again upon written request. (*See* Doc. 37, at 2).

In his Motion for Court Investigator (Doc. 36), Plaintiff asks the Court to appoint a "court investigator" to assist him with his case. He cites no authority for the request, and the Court is not aware of any. The motion is denied. Plaintiff also includes additional argument responding to the *Martinez* Report and the Court's show cause order. The Court will consider this information when determining whether Plaintiff has shown good cause for his case to proceed.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Discovery (Doc. 34) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Court Investigator (Doc. 36) is **denied**.

**IT IS SO ORDERED**.

**Dated May 2, 2023, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
